IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CR-32-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JULIO MEDINA, ) | |
| Defendant. ) | |

On October 25, 2021, Julio Medina ("Medina" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 177]. On October 26, 2021, the court appointed counsel for Medina pursuant to standing order 19-SO-3 [D.E. 178]. On May 16, 2022, Medina, through counsel, filed a memorandum in support [D.E. 182]. On June 3, 2022, the government responded in opposition [D.E. 183] and attached an exhibit [D.E. 184]. As explained below, the court denies Medina's motion.

I.

On June 2, 2014, pursuant to a written plea agreement, Medina pleaded guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. See [D.E. 1, 62, 66]. On March 11, 2015, the court held Medina's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 90]; [D.E. 117]. The court calculated Medina's total offense level to be 40, his criminal history category to be III, and his advisory guideline range to be 360 months' to life imprisonment. See PSR ¶ 50. After

thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Medina to 300 months' imprisonment. See [D.E. 117, 121]. Medina did not appeal.

On October 25, 2021, Medina moved pro se for compassionate release. See [D.E. 177]. The government opposes the motion. See [D.E. 183].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

2

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's

3

minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Medina applied to his BOP warden for compassionate release and received a denial on July 2, 2021. See [D.E. 177-1] 3. The government has not invoked section 3582(c)(1)(A)'s exhaustion requirement. See [D.E. 183]. Therefore, the court assumes Medina met the exhaustion requirement and addresses Medina's motion on the merits. See Muhammad, 16 F.4th at 130.

Medina seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical condition (obesity), his rehabilitative efforts, his release plan, his time served, and the First Step Act's non-retroactive changes to the mandatory minimum sentences under 21 U.S.C. §§ 841(b)(1)(A) and 851. See [D.E. 177]; [D.E. 177-1]; [D.E. 182] 4–8.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Medina claims he is obese and argues his obesity puts him at heightened risk of serious infection from COVID-19. See [D.E. 182] 4–7. Medina's BOP medical records do not indicate that Medina is obese. See [D.E. 184]. Even if he is obese, Medina has received two doses of the Moderna COVID-19 vaccine. See [D.E. 182-1]; [D.E. 184] 26–27. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not

4

diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Medina from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Medina's sentence because of his obesity and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

5

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Medina's obesity, his rehabilitative efforts, his release plan, his time served, and the First Step Act's non-retroactive changes to the mandatory minimum sentences under sections 841(b)(1)(A) and 851 are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Medina's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Medina is a 44-year-old Mexican citizen and engaged in serious criminal conduct. See PSR ¶¶ 1–5, 7–12, 24. In 2013 and 2014, Medina managed a drug trafficking organization of at least five people and recruited at least one person. See id. ¶¶ 10, 12, 42. Medina also paid for an apartment to store crystal methamphetamine. See id. Medina trafficked 8.055 kilograms of crystal methamphetamine through North Carolina and California, among other states. See id. ¶¶ 7–12. Medina's latest criminal conduct is nothing new. See id. ¶ 16. Before his federal conviction, Medina had a state conviction in 2009 for possessing methamphetamine with intent to deliver and possessing cocaine with intent to deliver. See id. Medina possessed 2.005 kilograms of methamphetamine and 1.14 kilograms of cocaine. See id. While in state custody, Medina incurred an infraction for borrowing, selling, lending, or trading an item over $10. See id. On October 5, 2011, Medina was deported to Mexico. See id. In 2013, Medina illegally reentered the United States. See id. ¶ 25. On June 28, 2013, the Washington State Department of Corrections filed a detainer against him. See id. ¶¶ 16, 25.

Medina has a mixed record while federally incarcerated. He works in food service and has taken classes on horticulture and parenting, among other topics. See [D.E. 177-1] 5; [D.E. 183-2] 1. However, as recently as April 29, 2022, Medina has received disciplinary infractions for consuming alcohol, possessing weapons, and fighting. See [D.E. 183] 14.

The court must balance Medina's mixed efforts while federally incarcerated with his serious criminal conduct, his serious criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Medina's potential exposure to COVID-19, his obesity, his rehabilitative efforts, his release plan, his time served, and the First Step Act's non-retroactive changes to the mandatory minimum sentences under sections 841(b)(1)(A) and 851. The section 851 notice in the indictment did not affect Medina's advisory guideline range or sentence. Moreover, Medina's sentence remains below the statutory maximum. Medina has a release plan that includes returning to Mexico. See [D.E. 182] 8. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Medina's arguments, the government's persuasive response, the need to punish Medina for his serious criminal behavior, to incapacitate Medina, to promote respect for the law, to deter others, and to protect society, the court denies Medina's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

7

## III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 177].

SO ORDERED. This 17 day October, 2022.

                                                  JAMES C. DEVER III
                                                  United States District Judge